# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GABRIEL PULLIAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-191-SRC |
| | ) |
| BOB HOLDER, et al., | ) |
| | ) |
| Defendants. | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Gabriel Pulliam, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.12. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement for the period October 20, 2019 through November 18, 2019. According to the statement, plaintiff's average monthly deposit was $5.64. However, due to an apparent formatting or printing error, the balance column is not displayed. Based upon the limited information the Court has about plaintiff's finances, he will be required to pay an initial partial filing fee of $1.12, which is twenty percent of the average monthly balance that is reflected on the account statement. Any claim that plaintiff is unable to pay this amount must be supported by an updated and comprehensive copy of his inmate account statement.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against eight defendants: Sheriff Bob Holder; Jail Administrator Nicole Green; Corrections Officers Ruby Lopez, Amber Johnson, Connor Bishop, and Casey Clayton; Megan Unknown; and Zach Jones. Plaintiff states that he sues Bishop in his official capacity only, and sues the remaining defendants in their official and individual capacities. Plaintiff avers that he is currently a convicted and sentenced state prisoner who is incarcerated in the Eastern Reception, Diagnostic and Correctional Center. However, the events described in the complaint occurred when he was an inmate at the Dunklin County Justice Center.

As an initial matter, the Court notes that plaintiff sets forth his allegations in the form of a rambling narrative and that his handwriting is often illegible, making his claims somewhat difficult to discern. However, it is clear that plaintiff intends to assert claims against the eight defendants based upon unrelated events that occurred from April 14, 2019 to July 30, 2019. It appears plaintiff intends to claim he was harassed, verbally abused, threatened, placed in "the Drunk Tank," denied privacy, and denied bedding. It also appears plaintiff intends to assert claims based upon

grievances he filed, and he also states that Johnson falsely testified at his sentencing hearing. He seeks monetary relief in an unspecified amount.

**Discussion**

The complaint fails to state a viable claim against any defendant in his or her official capacity. A § 1983 suit brought against an official in his or her official capacity is not a suit against the individual official, but rather a suit against the official's office. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, the defendants are employees of the Dunklin County Jail and/or the Dunklin County Sheriff's Department, neither of which is an entity subject to suit. *See Owens v. Scott County Jail*, 328 F.3d 1026,1027 (8th Cir. 2003), *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government."). The complaint also fails to state a viable claim against any defendant in his or her individual capacity, as plaintiff sets forth his allegations in conclusory fashion instead of alleging facts showing what each named defendant did to violate his rights. *See Iqbal,* 556 U.S. at 678. Finally, plaintiff presents a case involving multiple unrelated claims against not one but eight defendants. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides that:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against

Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Again, plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the $400 filing fee or file an motion seeking leave to proceed without prepaying fees and costs.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original

5

complaint without legal effect"). Plaintiff must <u>type or very neatly print</u> the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must also specify the capacity in which he intends to sue the defendant, and he should indicate whether he was a pretrial detainee or a convicted and sentenced prisoner at the time of the events giving rise to his claims. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (citing *Iqbal,* 556 U.S at 678).

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. Plaintiff has no statutory or constitutional right to the appointment of counsel. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon plaintiff's allegations, it appears this case is factually and legally straightforward, and that plaintiff will be able to investigate the facts and present his claims. Additionally, the motion is premature, as no defendant has been served with process and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.12. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this action, without prejudice and without further notice.**

Dated this 21st day of February, 2020.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE