**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| GABRIEL PULLIAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-191-SRC |
| ) | |
| BOB HOLDER, et al., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Gabriel Pulliam, a prisoner who is proceeding herein *pro se* and *in forma pauperis*. For the reasons explained below, this case will be dismissed.

**Background**

Plaintiff initiated this civil action by filing a complaint against eight officials, alleging violation of his constitutional rights while incarcerated at the Dunklin County Justice Center. It appeared he intended to claim he was harassed, verbally abused, threatened, placed in the "Drunk Tank," denied privacy, and denied bedding. It also appeared he intended to assert claims based upon grievances he filed, and he stated that one defendant falsely testified at a criminal proceeding. However, he set forth his claims in conclusory fashion, instead of alleging facts showing what the defendants did to violate his rights.

Upon initial review, the Court determined that the complaint was subject to dismissal, and on February 21, 2020 entered an order giving plaintiff the opportunity to file an amended complaint. In that order, the Court clearly explained why the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. In so doing, the

Court emphasized that it was important for plaintiff to allege facts in support of his claims against each defendant. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against five defendants: Sheriff Bob Holder and Jail Administrator Nicole Green, and Corrections Officers Ruby Lopez, Amber Johnson, and Casey Clayton. He sues all of the defendants in their official and individual capacities. His allegations concern events that occurred while he was a pretrial detainee at the Dunklin County Justice Center. He alleges as follows.

On July 20, 2019, Clayton came into "D wing cell 107" while plaintiff was urinating, and plaintiff tried to shield his view. (ECF No. 7 at 4). Plaintiff states this amounts to a violation of his right to privacy. However, plaintiff also appears to characterize the incident as sexual assault or harassment, as he states he filed a "PREA[1] Grievance." *Id.* He also claims that the grievance was "left open with no investigation done," and that Clayton "answered the complaint on himself." *Id.*

Next, plaintiff claims that Clayton threatened him on July 24, 2019, and made a "motion to taze" on July 30, 2019. *Id.* at 5. Plaintiff states he was "thrown in solitary confinement" at an unspecified time by an unspecified person. *Id.* Plaintiff claims that on a different occasion, Lopez put him in the "Drunk Tank" for 21 days, and that per Green, he was "rarely given a blanket or mat." *Id.* Next, plaintiff claims that Lopez and Johnson "lied on" him, and he claims Johnson gave false testimony during a court hearing. *Id.* He writes: "[a] victim's impact statement made at a criminal trial about drugs in the presence of Sheriff Bob Holder. It was not only unethical but also illegal." *Id.*

## Discussion

---

[1] This is an apparent reference to the Prison Rape Elimination Act, 34 U.S.C. § 30302, *et seq.*

Like the original complaint, the amended complaint fails to state a viable claim against any defendant in his or her official capacity. A § 1983 suit brought against an official in his or her official capacity is not a suit against the individual official, but rather a suit against the official's office. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff's allegations establish that the defendants are employees of the Dunklin County Jail and/or the Dunklin County Sheriff's Department, neither of which is an entity subject to suit. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such). Additionally, the amended complaint contains no allegations of a policy or custom of unconstitutional action, as would be required to state a municipal liability claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

The Court now turns to plaintiff's individual capacity claims, beginning with his claims against Clayton. Plaintiff claims that Clayton, a person of his same gender,[2] violated his right to privacy. This claim arises under the Fourth Amendment, which protects "personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California*, 384 U.S. 757, 767 (1966). In support of this claim, plaintiff alleges that Clayton entered the vicinity while he was urinating, and that he tried to shield Clayton's view. Plaintiff cannot be understood to allege that Clayton entered the vicinity for the purpose of viewing him in the act of urinating, nor does he allege that Clayton tried to view a private area of his body or that he engaged with plaintiff in any way. Instead, plaintiff bases his claim upon the mere fact that Clayton entered the vicinity while he was urinating, and therefore had the opportunity to view him while he was not fully dressed.

---

[2] Because plaintiff refers to Clayton using masculine pronouns, the Court will presume that he is male, like plaintiff. However, the Court would reach the same conclusion about plaintiff's Fourth Amendment claim even if Clayton were female.

While that may have made plaintiff feel uncomfortable, it does not rise to the level of a constitutional violation. A detainee has no general right to not be seen partially or fully nude, even by a guard of the opposite sex. *Hill v. McKinley*, 311 F.3d 899, 904–05 (8th Cir. 2002). *See also Story v. Foote*, 782 F.3d 968, 973 (8th Cir. 2015) (a detainee's right to not be viewed naked, even by guards of the opposite sex, is extremely limited, even in the context of highly invasive body cavity searches). Accordingly, the Court concludes that plaintiff's allegations fail to state a Fourth Amendment claim against Clayton.

To the extent plaintiff can be understood to claim that Clayton violated his constitutional rights by sexually harassing or assaulting him, such claim also fails. A pretrial detainee's claims involving the conditions of his confinement arise under the Due Process Clause of the Fourteenth Amendment. *Davis v. Oregon County, Missouri*, 607 F.3d 543, 548 (8th Cir. 2010) (citing *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007)). However, because the Fourteenth Amendment gives pretrial detainees at least as great protection as the Eighth Amendment gives convicts, courts have consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions. *Id.* Accordingly, plaintiff must demonstrate that objectively, there was a substantial risk to his health or safety; and that subjectively, the defendant actually knew of, but deliberately disregarded, that risk. *See id.* A sexual assault by a guard would amount to an Eighth Amendment violation. *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

In *Berryhill*, the plaintiff claimed he was sexually assaulted when the defendants grabbed his buttocks even though he protested. *Id.* at 1074-75. In affirming the district court's grant of summary judgment to the defendants, the Court noted that the plaintiff offered nothing other than the fact he was briefly touched to support his claim that he was sexually assaulted. *Id.* at 1076. The

5

Court found it significant that the incident did not involve discipline or undue force, that plaintiff suffered nothing more than a brief unwanted touch on his buttocks, that the touching was not accompanied by any sexual comments or banter, and that plaintiff did not allege he feared sexual abuse during the incident. *Id.* The Court concluded that it would be a "distortion" to construe the incident as a sexual assault. *Id.*

Here, plaintiff alleges no facts permitting the Court to construe the incident as sexual assault or sexual harassment. Plaintiff does not allege that Clayton engaged with him in any way during the incident, nor does he allege that the incident involved discipline or undue force or that he feared Clayton would sexually abuse him. Instead, plaintiff bases his claim entirely upon the fact that Clayton entered the vicinity while he was urinating. While plaintiff can be understood to characterize that as sexual assault or harassment, this Court is not bound to accept plaintiff's speculation as true. *See Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff also claims that Clayton threatened him on two occasions: on July 24, 2019 by making an unspecified threat, and on July 30, 2019 by moving as though he may taze him. A threat can be actionable if it rises to the level of a "brutal and wanton act of cruelty," *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992), or places coercive pressure on the plaintiff, thereby causing him to suffer the deprivation of a constitutional right. *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Here, plaintiff alleges only that Clayton made an unspecified threat on one occasion, and moved as though he may taze plaintiff on a second occasion. Such allegations, with no allegations of brutality, wanton cruelty, or coercive pressure, do not state claims of constitutional dimension.

Plaintiff also alleges that his grievance was not investigated. However, because there is no federal constitutional right to a prison grievance procedure, a prison official's failure to process or

investigate grievances, without more, is not actionable under § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff also claims that Clayton answered a complaint filed against him. To the extent plaintiff can be understood to claim that violated his right to a grievance procedure, such claim fails for those same reasons. To the extent plaintiff can be understood to claim that Clayton somehow violated jail regulations, such claim also fails because plaintiff has no federally-protected interest in having Clayton follow such regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Plaintiff next alleges that he was placed in solitary confinement at an unspecified time by an unspecified person, and he claims Lopez placed him in the "Drunk Tank," presumably a form of segregated confinement, for 21 days. (ECF No. 7 at 5). Pretrial detainees are presumed innocent, and cannot be subjected to punishment. *Bell v. Wolfish,* 441 U.S. 520 (1979). However, being subjected to an administrative restriction or adverse condition does not amount to punishment if it is "reasonably related to a legitimate governmental objective," such as maintaining institutional order and safety. *Id.* at 539. *See also Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir. 1996) (holding that placement of a pretrial detainee in a segregated form of confinement for 13 days did not amount to punishment because it was done for the legitimate governmental objectives of monitoring his health and preventing him from harming other detainees). "In evaluating the conditions, the court must look to a number of factors, including the size of the detainee's living space, the length of the confinement, the amount of time spent in the confined area each day, and the opportunity for exercise." *Ferguson*, 88 F.3d at 650 (citation omitted). If the restriction or condition amounts to punishment, the pretrial detainee has a constitutional right, under the Due Process Clause, to notice and an opportunity to be heard. *Higgs v. Carver,* 286 F.3d 437, 438 (7th Cir. 2002).

7

Here, plaintiff simply states he was twice placed in a form of segregated confinement. He alleges no facts permitting the inference that either placement occurred because of something other than a legitimate governmental objective. Plaintiff also fails to describe the conditions in which he was held, such as the size of his living space, the amount of time he spent confined each day, the opportunity for exercise, or any other facts tending to show how the conditions differed from those he experienced before being placed in segregated confinement. There is therefore no basis for the Court to conclude that either placement was unconstitutionally punitive. Additionally, plaintiff fails to identify the person or persons responsible for one such placement. Finally, even assuming that one or both placements amounted to punishment, plaintiff alleges no facts permitting the inference that he was denied notice and the opportunity to be heard. Accordingly, the Court concludes that plaintiff has failed to state a claim of constitutional significance related to either placement.

Plaintiff also claims that Green violated his constitutional rights by not giving him a blanket or mat. In order to state a claim for relief against Green, plaintiff must establish that the conditions were serious enough to deprive him of the "minimal civilized measure of life's necessities" or to constitute a substantial risk of serious harm, and that Green was deliberately indifferent to his health or safety. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). *See also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) ("deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety.").

In this case, plaintiff states only that during the 21 days he was in the "Drunk Tank," he was "rarely" given a blanket or mat per Green's instruction. (ECF No. 7 at 5). He alleges no facts permitting the inference that he went without one or both of those items for a long time, nor does

he allege he was denied other bedding or supplies. He also fails to allege that he was exposed to extreme temperatures or unsanitary conditions, that he suffered any harm, or any other facts permitting the inference that he was subjected to conditions of sufficient severity. He therefore fails to state a plausible claim against Green.

Plaintiff also claims that Lopez and Johnson "lied on" him. (ECF No. 7 at 5). This is nothing more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Plaintiff also claims that Johnson falsely testified during a court proceeding. Again, plaintiff provides no factual underpinning for his claim, and he therefore fails to state a plausible claim against Johnson. *See id.* Additionally, Johnson would be immune from liability under § 1983 to the extent his alleged wrongdoing consisted of testifying at a court proceeding. *See Briscoe v. LaHue*, 460 U.S. 325, 342-46 (1983) (it is well settled that witnesses are absolutely immune from suit for testifying at trial or before a grand jury, as well as in pretrial proceedings, even if that testimony is false).

After carefully reading and liberally construing the amended complaint, the Court concludes that the claims plaintiff wishes to bring are neither plausible nor viable under 42 U.S.C. § 1983. The Court also determines that allowing plaintiff to amend a second time would be futile, in that plaintiff failed to follow the Court's instructions when he was previously allowed to do so. The Court will therefore dismiss this case at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 9) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of June, 2020.

*/s/ SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE